IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.          No. CR 07-533 JB

MANUEL BARREDO-ECHEVERRIA,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed April 23, 2007 (Doc. 15)("Sentencing Memorandum"). The Court held a sentencing hearing on May 21, 2007. The primary issues are: (i) whether the Court should accept the rule 11(c)(1)(C) plea agreement into which the parties have entered; and (ii) whether the Court should sentence Defendant Manuel Barredo-Echeverria to a sentence at the low end of the range the United States Sentencing Guidelines recommend. Because the plea agreement is pursuant to the United States Attorney's fast-track program, which the United States Attorney General has approved, because Congress has approved of the fast-track program if certain conditions are met, and because the conditions for a downward departure under the fast-track program are met here, the Court will accept the fast-track plea agreement, will sentence consistent with it, and will sentence at the low end of the advisory guideline range.

**FACTUAL BACKGROUND**

Barredo-Echeverria was born on July 11, 1986 in Desemin, Yucatan, Mexico. See Presentence Investigation Report ¶ 24, at 5 ("PSR"). Barredo-Echeverria came to the United States

with his parent and siblings in 2001, and has resided mainly in Denver, Colorado and in Salt Lake City, Utah since that time. See Sentencing Memorandum ¶ 6, at 2. He represents that, although he did not formally attend school in the United States, he received the Mexican equivalent of a high school diploma, and he is able to read and write proficiently in both Spanish and English. See PSR ¶ 30, at 7; Sentencing Memorandum ¶ 6, at 2-3. Barredo-Echeverria reports that he has been consistently employed in the United States since 2001. See PSR ¶¶ 31-34, at 7.

Both Barredo-Echeverria's parents reside in Salt Lake City. See id. ¶ 24, at 5. He has four siblings, three of whom live in the United States. See id. ¶ 24, at 6. Barredo-Echeverria reports that he has been in a common-law relationship with Leslie Guadalupe for one and one-half years, and that he has a nine-month old son, Manuel; Guadalupe and Manuel live in Salt Lake City. See id. ¶ 26, at 6. Barredo-Echeverria maintains a positive relationship with his family members and has continued to have contact with them during his detention. See id. ¶ 24, at 6.

On November 1, 2006, at the request of Utah Adult Probation and Parole agents, Utah Highway Patrol officers performed a traffic stop on a vehicle in which Barredo-Echeverria was a passenger, because the vehicle reportedly matched the description of a vehicle that had been involved in a bank robbery earlier that day. See id. ¶ 20, at 5. After asking the passengers to exit the vehicle, the officers discovered a loaded .38 caliber semiautomatic pistol in the vehicle's armrest. See id. Barredo-Echeverria was arrested and transported to the Utah county jail. See id. During a pat-down at the detention center, officers discovered a small amount of a crystal-like substance concealed on his person. See id. Barredo-Echeverria admitted to the officers that the substance was methamphetamine. See id.

Barredo-Echeverria does not make any factual objection to the description of the November

1, 2006 offense as the PSR describes it. Barredo-Echeverria states, however, that eye-witnesses specifically denied that he was involved in the bank robbery and emphasizes that the firearm officers discovered in the vehicle in which he was traveling was of a different make, caliber, and type, i.e. automatic versus revolver, than the firearm identified in the reported bank robbery. See Sentencing Memorandum ¶ 5, at 2. On November 16, 2006, Barredo-Echeverria was convicted in Utah state court of attempted possession of a controlled substance, a felony. See PSR ¶ 4, at 2.

Barredo-Echeverria was subsequently deported to Mexico on or about December 29, 2006. See id. On January 2, 2007, United States Border Patrol agents apprehended him with seven other individuals walking northbound through a deserted area in Luna County, New Mexico. See id. Barredo-Echeverria and the other individuals admitted to being Mexican citizens present illegally in the United States. See id. Barredo-Echeverria explains that he was attempting to return to Salt Lake City to be near and to support his newborn child. See Sentencing Memorandum ¶ 7, at 3.

## **PROCEDURAL BACKGROUND**

On March 21, 2007, the United States filed an Information charging Barredo-Echeverria with illegal re-entry of a removed alien in violation of 8 U.S.C. § 1326(a) and (b). See Information, filed March 21, 2007 (Doc. 9). On the same day, the United States and Barredo-Echeverria entered into a plea agreement, made pursuant to rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, in which Barredo-Echeverria pled guilty to the charge contained in the Information. See Plea Agreement ¶ 3, at 2, filed March 21, 2007 (Doc. 12)("Plea Agreement").

The United States Probation Office ("USPO") incorporated the offense level to which the parties stipulated in calculating Barredo-Echeverria's guideline sentence. The USPO assigned Barredo-Echeverria a base offense level of eight, see U.S.S.G. § 2L1.2(a), increased his offense level

four levels because he had previously been deported after being convicted of a felony, see U.S.S.G. § 2L1.2(b)(1)(D), and subtracted two levels for Barredo-Echeverria's acceptance of responsibility, see U.S.S.G. § 3E1.1. See PSR ¶¶ 10-17, at 3-4. Although the USPO calculated Barredo-Echeverria's adjusted offense level to be ten, it applied an adjusted offense level of nine pursuant to the plea agreement into which the parties entered. See PSR ¶ 18, at 4; Plea Agreement ¶ 4.e, at 3. An offense level of nine, combined with Barredo-Echeverria's criminal history category of II, results in a guideline sentencing range of six to twelve months.

Barredo-Echeverria does not object to the USPO's calculation of his sentence under the Guidelines. See Sentencing Memorandum ¶ 8, at 3. Barredo-Echeverria requests, however, that the Court sentence him at the low-end of the guideline range. See id.

The United States notes that, pursuant to the plea agreement, Barredo-Echeverria agreed "not to seek any further reduction, departure, deviation, or variance in the Final Adjusted Offense Level." United States' Response to Defendant's Sentencing Memorandum filed April 23, 2007, filed April 24, 2007 (Doc. 16)("United States' Response")(quoting Plea Agreement ¶ 4.g, at 3). The United States informs the Court that, because the plea agreement reflects the parties' contemplated resolution, and because Barredo-Echeverria does not request anything other than that contemplated resolution, the United States has not addressed his motion on the merits. See United States' Response at 2. The United States requests, however, that, if the Court is inclined to reject the rule 11(c)(1)(C) plea agreement, the Court give the parties notice of its intentions so that it might respond to Barreda-Echeverria's Sentencing Memorandum on the merits. See id. The United States opposes, however, any further departure or variance. See id.

## ANALYSIS

Rather than considering Barredo-Echeverria's sentencing memorandum a material breach of his promise in the plea agreement not to seek further reductions in his sentence, the Court elects to consider his memorandum as a restatement of his request for the Court to apply the fast-track plea program benefit to his proposed sentence. To the Court, the memorandum is Barredo-Echeverria's statement why he believes the evidence justifies a fast-track downward departure in this case. The Court accepts Barredo-Echeverria's motion as a restatement of the issues that would permit the Court to find that the plea agreement contemplates a reasonable outcome for this case.

Barredo-Echeverria requests that the Court impose a sentence at the low end of the proposed guideline range, or six months. As reflected in the PSR, Barredo-Echeverria does not have an extensive criminal history, with one adult criminal conviction and no juvenile adjudications. The Court concludes that the circumstances of this case and the factors set forth in 18 U.S.C. § 3553(a) support a sentence of six months incarceration.

The Court believes that a sentence of six months is a fair, just, and reasonable sentence. The United States Attorney General has approved of the United States Attorney for the District of New Mexico's fast-track program, and this plea agreement, which reduces the offense level by one level in accordance with that program, meets the conditions that Congress has set for such programs. Congress has endorsed the policy underlying fast-track programs by authorizing district courts to grant a downward departure of no more than four levels if a defendant pleads guilty pursuant to such a program. See U.S.S.G. § 5K3.1; PROTECT ACT § 401(m)(2)(B), 108 Pub. L. No. 21, 117 Stat. 650, 675. Because Congress has approved of such programs, because the sentence fully reflects the factors enumerated in 18 U.S.C. § 3553(a) applicable to the Court's analysis, because the sentence

is reasonable, and because the sentence is sufficient without being greater than necessary to satisfy federal sentencing goals, the Court will accept the plea agreement.

The Court believes a sentence of six months reflects the seriousness of the offense for which Barredo-Echeverria stands convicted in this Court, promotes respect for the law, and justly punishes Barredo-Echeverria. Moreover, a six-month sentence, which will necessarily be followed by deportation, provides adequate deterrence and protects the public from further criminal conduct. It is true that, with a wife and son in the United States, no sentence except continual incarceration may fully deter Barredo-Echeverria from coming back to this country and thus breaking again federal immigration laws. Nevertheless, there does not seem to be much more meaningful deterrence from a twelve-month sentence as opposed to a six-month sentence. Nor does Barredo-Echeverria appear to be a danger to the community or to any person. The record suggests that, for the most part, Barredo-Echeverria has been a law-abiding, hard-working individual who suffered a lapse of judgment in 2006, which resulted in his only prior criminal conviction.

Barredo-Echeverria will pay for this conviction and deportation for the rest of his life, having to begin his life anew in Mexico, apart from his parents, siblings, partner, and child. A six-month sentence is ample punishment under these circumstances.

**IT IS ORDERED** that Defendant Manuel Barredo-Echeverria's request that the Court accept his fast-track plea agreement and impose sentence at the low end of the range the Guidelines recommend is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney for the
    District of New Mexico
Kimberly Brawley
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorneys for the Plaintiff*

John F. Robbenhaar
Albuquerque, New Mexico

    *Attorneys for the Defendant*